UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   PAE   ECF CASE
ALEXIS GONZALEZ,

                Plaintiff,

   -against-

THE CITY OF NEW YORK, P.O. THOMAS BALDWIN
and P.O.s "JOHN DOE" #1-5 (said names being fictitious,
as the true names are presently unknown),
Individually and in their Official Capacities.

                Defendants.
------------------------------------------------------------X

**COMPLAINT AND DEMAND FOR JURY TRIAL**

       Plaintiff, ALEXIS GONZALEZ, by his attorney, Kim E. Richman, complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

       Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK, P.O. THOMAS BALDWIN and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), as Officers of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

1

2. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff, ALEXIS GONZALEZ, was and is a resident of Bronx County.

7. At all times relevant hereto, defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. At all times relevant to this action, defendants P.O. THOMAS BALDWIN and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. At approximately midnight on the night of January 28, 2012, in Bronx, NY, Plaintiff, ALEXIS GONZALEZ, was falsely arrested as he exited a convenience store near his home.

12. Plaintiff Mr. GONZALEZ, 38, lives at 1216 Seneca Ave, #3B, Bronx, NY 10474. At the time of his arrest, Plaintiff was divorced and had sole custody of his three children for the weekend: Amarilla, 15, Alexis Jr. 12, and Liz Marie, 5.

13. In the late evening on the date in question, Plaintiff had noticed that his daughter was running a fever, shaking, and suffering from other cold and flu symptoms. Plaintiff left his apartment at approximately 12:00 am to purchase medicine, and some food for his other children. The only store open at that time of night was a corner deli-grocery shop around the corner from his home. The shop is located on the corner of Hunts Point Avenue and Gilbert Place.

14. As he left the store and turned the corner to head home, approximately five (5) police vehicles pulled up and surrounded him.

15. Defendant Officer THOMAS BALDWIN stopped Plaintiff and searched him on the spot. No contraband was found.

16. Even though no contraband was found, Defendant Officer THOMAS BALDWIN arrested Plaintiff, and brought him to the 42nd Precinct.

17. At the Precinct, Plaintiff was forced to undergo a strip-search. No contraband was found.

18. Following his strip-search at the Precinct, Plaintiff was taken to central booking and charged with Criminal Sale of a Controlled Substance in the Third Degree (PL 220.39) and held at Vernon C. Bain Correctional Center for six (6) days.

19. Even though Plaintiff was arrested late on Friday night, he was not allowed to make a single phone call until Sunday night, nearly 48 hours after his false arrest. His children, who were expecting him to come home after just a few minutes, were left alone at home for several hours until Plaintiff's brother finally came over to look after them, having been informed of the arrest by a friend of the Plaintiff who witnesses it. From the moment of his arrest up until he was first permitted to make a phone call two (2) days later, Plaintiff was unable to contact any member of his family.

20. On the first day in custody, Plaintiff saw a doctor and explained that he had a serious heart condition which required him to take an extensive course of medication of 5 pills per day. Even though Defendant Officers knew or should have known of Plaintiff's medical situation, Plaintiff was not given any medication until his 5th day in custody. Because he was forced to go 5 days without medication, he began to experience shortness of breath while in custody.

21. Plaintiff was finally released on Thursday afternoon, nearly a week after being falsely arrested.

22. On February 22, 2012, Plaintiff's criminal matter was dismissed by the Grand Jury of the County of Bronx.

# FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

23. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

24. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

25. All of the aforementioned acts deprived Plaintiff, ALEXIS GONZALEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

26. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

27. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

28. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

29. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## CONSPIRACY TO VIOLATE CIVIL RIGHTS

30. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

31. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

32. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

33. As a result of Defendants' aforementioned conduct, Plaintiff, ALEXIS GONZALEZ, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

34. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

35. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

36. Pursuant to 28 U.S.C. § 1367, this Court has pendant jurisdiction to hear and adjudicate such claims.

## FOURTH CLAIM FOR RELIEF: DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES CONSTITUTION

37. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

38. As described above, Defendants acted with deliberate indifference to Plaintiff's serious medical needs, by among other things, failing to properly treat Plaintiff and failing to transfer him to an emergency room, despite the fact that Defendants were aware of, or, but for their deliberate indifference, should have been aware of, the Plaintiff's serious medical needs.

39. Defendants consciously disregarded the serious medical risk posed by Plaintiff's injuries by among other things, failing to immediately provide essential emergency treatment and by failing to transfer the Plaintiff to a readily accessible emergency facility in a timely manner as dictated by the Plaintiff's medical condition.

40. As a consequence thereof, Plaintiff Alexis GONZALEZ has been injured.

## FIFTH CLAIM FOR RELIEF: MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

41. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if fully set forth herein.

42. Defendants issued legal process to place Plaintiff under arrest.

43. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

44. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

## SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

45. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

46. Defendants P.O. THOMAS BALDWIN and P.O.s "JOHN DOE" #1-5 (said names being fictitious, as the true names are presently unknown), falsely arrested Plaintiff, ALEXIS GONZALEZ, despite a complete lack of cause against him, notwithstanding their knowledge that said assault would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

47. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with the entire actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

49. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

50. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff, ALEXIS GONZALEZ.

51. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff, ALEXIS GONZALEZ, as alleged herein.

52. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff, ALEXIS GONZALEZ, as alleged herein.

53. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff, ALEXIS GONZALEZ.

54. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

55. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

56. All of the foregoing acts by Defendants deprived Plaintiff, ALEXIS GONZALEZ, of federally protected rights, including, but not limited to, the right:

a. Not to be deprived of liberty without due process of law;

b. To be free from seizure and arrest not based upon probable cause;

c. To be free from unlawful imprisonment;

d. To be free from excessive force and infliction of emotional distress;

e. Not to have cruel and unusual punishment imposed upon him; and

f. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         May 16, 2012

Respectfully submitted,

_____
KIM E. RICHMAN, ESQ.

Kim E. Richman
*Attorney for Plaintiff*
REESE RICHMAN LLP
875 Sixth Ave., Suite 1808
New York, NY 10001
(212) 687-8291