UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALEXIS GONZALES,

                Plaintiff,

        **FIRST AMENDED**
        **COMPLAINT**
        ~~[PROPOSED]~~

    -against-

        12-CV-4007 (PAE)(HBP)

THE CITY OF NEW YORK, P.O. THOMAS
BALDWIN, P.O. ANTHONY SCHAFFER,
P.O. U.C. 212, AND P.O.s AND C.O.s         Jury Trial Demanded
"JOHN DOE" #1-10 (said names being fictitious,
as the true names are presently unknown),
Individually and in their Official Capacities,

                Defendants.
------------------------------------------------------------X

        Plaintiff ALEXIS GONZALES, by his attorney, Kim E. Richman, respectfully submits this First Amended Complaint against Defendants and alleges as follows:

### PRELIMINARY STATEMENT

        Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants The City Of New York, P.O. Thomas Baldwin (Shield #005857), P.O. Anthony Schaffer (Shield #006513), P.O. UC 212, and "JOHN DOE" #1-10 as Officers of the New York City Police Department and New York City Department of Correction, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitution of the United States and State of New York.

1

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions, and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

3. Plaintiff further invokes this Court's pendent jurisdiction over any and all state law claims and causes of action which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action pursuant to 28 U.S.C. § 1367

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of his claims as pled herein pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. At all times relevant hereto, Plaintiff Alex Gonzalez was and is a resident of Bronx County in the City and State of New York.

7. At all times relevant hereto, Defendant City of New York ("City") was and is a municipality of the State of New York and operates, manages, directs and controls the New York City Police Department ("NYPD") and the New York City Department of Correction ("DOC"), which employs the other named Defendants.

8. At all times relevant to this action, individual Defendants are and were police officers employed by the NYPD and or the DOC, and acting under color of state law.

9. At all times relevant hereto and in all their actions described herein, said Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City and its NYPD and DOC, pursuant to their authority as employees, servants and agents of the NYPD and DOC within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. Defendant City was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD and DOC.

## FACTS

11. This action stems from the unlawful arrest of Plaintiff Alexis Gonzales and his subsequent six-day imprisonment and prosecution, all of which were undertaken in the absence of probable cause. Moreover, during this time Plaintiff was subjected to deliberate indifference to his medical needs.

12. At all relevant times, Plaintiff Mr. Gonzales, 38, lived on Seneca Ave, Bronx, where he cared for and had sole custody of his three children aged 15, 12 and 5.

13. On or about January 27, 2012, in the late evening, Plaintiff noticed that his daughter was suffering from cold and flu symptoms. Plaintiff left his apartment at or about midnight, with only his keys, a wallet and twenty dollars in United States currency ("USC") to purchase medicine for his daughter, as well as food for his other children.

14. Plaintiff went to Hunts Point Avenue and walked south to a store located on the corner of Hunts Point Avenue and Gilbert Place. At the store, Plaintiff purchased food and medicine and received approximately eleven dollars USC in change.

15. At approximately 12:48 a.m. on January 28, 2012, Defendants, upon information and belief, were conducting a drug-related law enforcement operation on or near the corner of Garrison Avenue and Hunts Point Avenue, during which an undercover officer allegedly made a controlled buy with prerecorded buy money ("PRBM").

16. Plaintiff Alexis Gonzalez was not present at or near Garrison Avenue and Hunts Point Avenue during the aforementioned time periods, nor was he engaged in any unlawful activity.

17. Notwithstanding the above, as Plaintiff left the store and walked east onto Seneca Avenue to return home with food and medicine for his children, he was surrounded by Defendants, including several police officers with their guns drawn.

18. Defendants P.O. Thomas Baldwin and P.O. Anthony Schaffer apprehended Plaintiff and searched him, but no contraband was found.

19. Although Plaintiff had engaged in no unlawful activity, Defendants arrested him and brought him to the 42nd Precinct.

20. Defendants detained, searched and arrested Plaintiff on the basis of false allegations that Plaintiff had been involved in a narcotics transaction; these false allegations were fabricated by Defendants, including Defendant Officer UC 212.

21. Plaintiff was forced to leave the food and medicine he purchased behind and was not allowed to make arrangements for his children. During his arrest, Plaintiff clearly informed the Defendant police officers of his serious heart condition and need for

medication. Defendants heard Plaintiff and understood the information, but deliberately and willfully chose to ignore his serious medical needs.

22. Defendants subjected Plaintiff to a complete strip search at the Precinct, and once again no contraband was found.

23. Defendants thereafter completed arrest reports identifying "FC" as a co-arrestee allegedly involved with Plaintiff in a purported narcotics transaction; Plaintiff does not know "FC" and, upon information and belief, had never before seen, met or interacted with this individual.

24. Defendants filled out documents falsely attributing $113 USC to Plaintiff, which purportedly included $10 USC which was PRBM used in Defendants' law enforcement operation.

25. Plaintiff was then taken to central booking and charged with two felonies.[1] Once again Plaintiff told Defendants of his serious heart condition, produced a list of his medications, and explained that he needed to take them to avoid serious medical complications. Despite Plaintiff's entreaties and knowledge of his serious medical need, Defendants denied Plaintiff his medication.

26. Following arraignment, Plaintiff had his wallet and $11 USC dollars returned. Plaintiff was then transported and held at Vernon C. Bain Correctional Center ("VCBC") for six days.

27. Plaintiff was not allowed to make a single phone call until nearly 48 hours after his false arrest and, consequently, his children were left alone at home for several hours.

---

[1] Plaintiff Mr. Gonzales was charged with P.L. 220.39(1) Criminal Sale of a Controlled Substance and P.L. 220.16(1) Criminal Possession of a Controlled Substance.

28. Upon admission to VCBC, Plaintiff explained to medical staff that he had a serious heart condition that required him to take an extensive course of medication per day and again produced his list of medications.

29. Defendants, including the "JOHN DOE" Defendant Correction Officers ("C.O."), did not provide Plaintiff his needed medication or transfer him to a medical center, despite being aware of his serious medical needs.

30. Plaintiff experienced significant breathing difficulty, chest pains, heart palpitations, physical discomfort, anxiety and fear due to the unreasonable amount of time Defendants forced him to go without his medication.

31. Plaintiff was ultimately released from DOC custody on February 2, 2012, nearly a week after being arrested.

32. On February 22, 2012, Plaintiff's criminal charges were dismissed by the Grand Jury of the County of Bronx, and the case was thereby terminated in his favor.

33. As a result of the aforementioned violations of his civil rights, Plaintiff Alexis Gonzalez was subjected to the humiliation of being arrested, searched and led away in full public view in front of his community, as well as being unable to care for his children. Further, Plaintiff had to suffer the stigma of being prosecuted on felony charges. Finally, Plaintiff's health was compromised by Defendants' unreasonable denial of treatment in deliberate indifference to his serious medical needs.

## FIRST CLAIM FOR RELIEF: DEPRIVATION OF FEDERAL CIVIL RIGHTS

34. Plaintiff Alexis Gonzalez repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

35.  All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

36.  All of the aforementioned acts deprived Plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

37.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

38.  The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of Defendant City and its NYPD and DOC, all under the supervision of ranking officers of said departments.

39.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF:
## FALSE ARREST UNDER 42 U.S.C. § 1983

40. Plaintiff Alexis Gonzales repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

41. As a result of Defendants' aforementioned conduct, Plaintiff Alexis Gonzales was taken into custody and arrested, imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, all in the absence of any probable cause, privilege or consent.

42. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and he was put in fear for his safety and subjected to handcuffing and other physical restraints, without probable cause.

43. As a result of his false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace before his neighbors and peers. Plaintiff was discredited in the minds of many members of the community.

## THIRD CLAIM FOR RELIEF:
## DELIBERATE INDIFFERENCE TO PLAINTIFF'S SERIOUS MEDICAL CONDITION IN VIOLATION OF THE UNITED STATES CONSTITUTION

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

45. As described above, Defendants acted with deliberate indifference to Plaintiff's serious and urgent medical needs by, among other things, failing to treat Plaintiff or transfer him to a medical facility, despite the fact that Defendants knew of his serious and urgent medical needs.

46. Defendants consciously disregarded the serious medical risk posed by Plaintiff's injuries by, among other things, failing to provide essential medical treatment and by failing to transfer the Plaintiff to a readily accessible emergency facility in a timely manner as required by law.

47. As a consequence of Defendants' unconstitutional acts, Plaintiff's rights were violated and he suffered serious and ongoing physical injury and detriment to his health.

### FOURTH CLAIM FOR RELIEF:
### MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983

48. Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if fully set forth herein.

49. Defendants issued legal process to place Plaintiff under arrest.

50. Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

51. Defendants acted with intent to do harm to Plaintiff without excuse or justification.

52. As a consequence of Defendants' unconstitutional acts, Plaintiff's rights were violated and he was, *inter alia*, caused to expend time and expense defending himself against baseless charges and to endure restrictions on his liberty.

### FIFTH CLAIM FOR RELIEF:
### MALICIOUS PROSECUTION

53. Plaintiff Alexis Gonzales repeats each and every allegation contained in the paragraphs above and incorporates such allegations by reference as if fully stated herein.

54. Defendants initiated criminal proceedings against Plaintiff without probable cause or reason to believe that the charges against him could succeed and with actual malice,

thereby causing Plaintiff to be prosecuted on baseless charges and to suffer a significant deprivation of liberty in connection therewith.

55. The criminal charges against Plaintiff were terminated in his favor.

56. Defendants and their agents, servants, and employees carried out all of the aforementioned acts under color of state law.

57. Defendants' unlawful prosecution of Plaintiff without probable cause and denial of associated due process rights, as described herein, violated Plaintiff's rights under the Constitution, for which Defendants are individually liable

58. As a result of Defendants' malicious prosecution and other unlawful acts, Mr. Gonzales was subjected to, *inter alia*, humiliation, ridicule, and disgrace before his neighbors and peers.

### SIXTH CLAIM FOR RELIEF: MUNICIPAL LIABILITY

59. Plaintiff Alexis Gonzales repeats, reiterates and re-alleges each and every allegation contained in the paragraphs above with the same force and effect as if fully set forth herein.

60. Defendants falsely arrested and maliciously prosecuted Plaintiff, despite a complete lack of probable cause against him, in violation of his constitutional rights.

61. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, correction officers, and City officials, with the entire actual and/or apparent authority attendant thereto.

62. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and correction officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of Defendant

City and its NYPD and DOC, all under the supervision of ranking officers of said department.

63. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City and its NYPD included, but were not limited to, arresting and strip searching minority males without probable cause, initiating and continuing criminal proceedings without evidence of criminal activity, failing to provide constitutionally adequate medical care to pre-trial detainees in Defendant City's custody, and tolerating, allowing and encouraging officers to fabricate evidence and falsify documents to cover up misconduct.

64. The aforementioned customs, policies, usages, practices, procedures and rules of Defendant City and its DOC included failure to provide adequate medical care to pre-trial detainees in their custody.

65. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

66. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

67. The foregoing customs, policies, usages, practices, procedures and rules of Defendant City were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

68. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff.

69. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of Plaintiff's constitutional rights.

70. Defendant City, as municipal policymaker in the training and supervision of Defendant police officers and correction officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

71. All of the foregoing acts by Defendants deprived Plaintiff of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

    c. To be free from unlawful imprisonment;

    d. To be free from deliberate indifference to serious medical needs;

    e. To be free from malicious prosecution and abuse of process and

    f. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS.

2. Punitive damages in the amount of TWO MILLION ($2,000,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court deems just and proper.

DATED:   New York, New York
         March 11, 2013

                                          Respectfully submitted,

                                          */s/ Kim E. Richman*
                                          KIM E. RICHMAN

                                          Kim E. Richman
                                          *Attorney for Plaintiff*
                                          REESE RICHMAN LLP
                                          875 Sixth Ave., 18th Floor
                                          New York, NY 10001
                                          (212) 643-0500